# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| MELVIN C. KEEL, JR. | § | |
| | § | |
| v. | § | NO. 1:11-CV-248 |
| | § | |
| WAL-MART STORES INC. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On May 17, 2011, this case was referred for all pretrial matters to the Honorable United States Magistrate Judge Earl S. Hines. On August 9, 2011, the case was reassigned to United States Magistrate Judge Zack Hawthorn. Pending is Defendant Wal-Mart Stores Inc.'s "Motion for Summary Judgment" (Docket No. 39). The Plaintiff filed a Response to the motion but did not raise a genuine dispute of material fact. (Docket No. 43.) The Defendant filed a reply (Docket No. 45), and the Plaintiff filed a motion to compel discovery responses (Docket No. 44), which was later resolved by the parties. Consequently, the magistrate judge granted the Plaintiff leave to file a sur-reply to the Defendant's summary judgment motion (Docket No. 50); however, the Plaintiff did not do so within the given time period. Accordingly, the Court received and considered the report and recommendation (Docket No. 53) of the magistrate judge, who recommends that the motion should be granted and that the lawsuit should be dismissed with prejudice.

The Plaintiff did not file objections to the magistrate judge's Report and Recommendation. However, the Plaintiff filed a document titled, "Plaintiff's Objection to Defendant's 'Motion for Summary Judgement [sic].'" (Docket No. 56.) Plaintiff's objections appear to be an untimely response to the Defendant's motion for summary judgment since they do not directly address the magistrate judge's report and recommendation.

Considering the Plaintiff's *pro se* status, the court will independently consider and liberally construe his response as Objections to the Magistrate's Report and Recommendation. After considering the "objections" and the magistrate judge's Report and Recommendation *de novo*, the Court's independent review confirms that the Magistrate's conclusions are still correct as there is no genuine dispute of material fact. See Fed. R. Civ. P. 72(b)(3)

Although not entirely clear, the Plaintiff's objections seize upon a purported ambiguity of the word "it" in a Wal Mart Associate Statement. (Docket No. 56, pp. 1-6). The Plaintiff attempts to extrapolate this alleged ambiguity into an argument that the Defendant either failed to acknowledge or suppressed the fact that the Plaintiff had a disability.[1] This argument is irrelevant since the Defendant, throughout its Motion for Summary Judgment, essentially conceded that the Plaintiff was in fact disabled and that the Defendant was aware of this disability. (See Def's Mot. Summ. J., at 12-13, Docket No. 39). Rather, the central issue of the lawsuit concerns whether the Defendant either discriminated or retaliated against Plaintiff due to his disability or failed to accommodate his disability. Thus, the Plaintiff's "objections" still fail to show a genuine dispute of material fact that would change the outcome recommended by the magistrate judge.

It is therefore **ORDERED** that the report and recommendation (Docket No. 53) of the magistrate judge is **ADOPTED**, the "Motion for Summary Judgment" (Docket No. 39) is

---

[1] As part and parcel of this claim, the Plaintiff argues in his "objections" that he was not able to work in an efficient manner ("keep up") due to his disability, and the Defendant was aware of his disability, but would not recognize, accommodate, nor document his disability, aside from one instance in which his disability is referred to as "it." (Docket No. 56, p. 1-2.) He also claims that statements in a form filled out for the Coaching for Improvement Process were written for him and did not represent him accurately. (Docket No. 56, p. 2-3; 6.) He argues that the coaching process itself was done improperly and was discriminatory and a pretext. (Id.) He further states that the form in the coaching process was also not completely filled out correctly. (Docket No. 56, p. 3, 5-6.) Lastly, he makes a general request that the Court allow the hostile work environment claim in the lawsuit, but provides no basis for this relief. (Docket No. 56, p. 6.)

**GRANTED**, and this lawsuit is **DISMISSED with prejudice**. A final judgment will be entered separately.

So ORDERED and SIGNED 8/9/2012

_____

Ron Clark
United States Judge